In the Matter of the Application of BROOKLYN BAR ASSOCIATION in Respect of ABRAHAM SCHACHNE, an Attorney and Counselor at Law.— Report of official referee confirmed except that respondent is suspended from the practice of the law in this State until the end of the period for which he was suspended from practice in the Federal courts by the United States District Court for the Eastern District of New York, to wit, February 2, 1939. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

In the Matter of WILLIAM H. SIEBRECHT, JR., an Attorney, Respondent.— Report of official referee confirmed except that respondent is suspended from the practice of the law for a period of two years. Respondent was found guilty of a misdemeanor and not of a felony under the Federal statute. Present — Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ.

KASIMIR SAJOR, Appellant, v. AMPOL, INC., and MAX F. WEGRZYNEK, Respondents.— In order that the defendants may have an opportunity to present testimony claimed to be available, which, if credited, it is claimed may affect the conclusions stated in our prior decision, the motion for reargument is granted and upon reargument the decision of this court dated June 15, 1934 [ante, p. 655], is modified so as to provide for a reversal of the judgment on the law and the facts, with costs to appellants, and the granting of a new trial. Findings of fact and conclusions of law inconsistent herewith are reversed. Present — Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ. Settle order on notice.

DAVID H. CLARK, Respondent, v. JOHN L. DODGE and Others, Appellants. (Appeal No. 1.) — Order reversed on the law, with ten dollars costs and disbursements, and motion granted in so far as it seeks a dismissal of the complaint, without costs. In so far as the motion seeks a severance of the action and a trial of the issues arising on the defendants' counterclaim and the plaintiff's reply, the motion is denied, without costs, the court being of opinion that the contract sued upon is illegal (McQuade v. Stoneham, 263 N. Y. 323); and as the counterclaim is based upon the terms of that contract it, too, fails of a right of action. Lazansky, P. J., Kapper, Carswell and Davis, JJ., concur; Young J., dissents.

DAVID H. CLARK, Respondent, v. JOHN L. DODGE, Appellant, Impleaded with BELL & COMPANY, INC., and HOLLINGS-SMITH COMPANY, Defendants. (Appeal No. 2.) — The plaintiff's right of action resting wholly upon an illegal contract as we have decided in Clark v. Dodge, No. 1 (ante, p. 728), decided herewith, the order of December 1, 1933, in so far as it grants an injunction pendente lite, and the order of February 24, 1934, amending said order, are reversed on the law and the facts, with ten dollars costs and disbursements, and the motion denied. Lazansky, P. J., Kapper, Carswell and Davis, JJ., concur; Young, J., dissents.